UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REHS and SHARI REHS,

    Plaintiff,

v.

US DEPARTMENT OF TREASURY,
et al.,

    Defendants.
_____/

Case No. 2:23-cv-13148
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 19), GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (ECF No. 20) AND STAYING THE CASE PENDING A DECISION ON DEFENDANT'S AMENDED MOTION TO DISMISS (ECF No. 14)**

Plaintiffs, *in pro per*, have filed a motion to compel discovery, including interrogatories, requests to admit and requests for production (ECF No. 19).[1] These certify that they were served on January 2, 2025, well before summonses were even issued. (*Id*., PageID.129.)  Pursuant to Fed. R. Civ. P. 26(d)(1) all of this discovery was prohibited at that point.  Accordingly, the motion to compel

---

[1] As pointed out by Defendant in its response, the motion, discovery requests and complaint were only signed by Plaintiff Robert Rehs, not by Plaintiff Shari Rehs. (ECF No. 21, PageID.144.)  It is unclear if Shari Rehs even knows she is a party to this suit, but that will be addressed in conjunction with the pending dispositive motion.

discovery (ECF No. 19) is **DENIED** as premature and further discovery is prohibited for the time being, as explained below.

Defendant has filed a motion and amended motion to dismiss, both on jurisdictional grounds and for failure to state a claim. (ECF Nos. 13 & 14.)  These will be addressed under separate cover.  Defendant has also filed a motion for a protective order, asking the Court to issue a protective order, staying all discovery and Rule 26 proceedings until it has ruled on the Motion to Dismiss. (ECF No. 20, PageID.139.)  Plaintiffs have not responded.  The points made in Defendant's motion are well-taken.  A stay of all discovery is ordered where, as here, the question of whether the case must be dismissed on the pleadings remains in play. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *see also Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)) ("Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'").  This is especially true where the pending motion to dismiss puts the Court's jurisdiction at issue, as no discovery can occur if the Court lacks jurisdiction over either the

subject matter or the parties. Accordingly, Defendant's motion for a protective order (ECF No. 20) is **GRANTED**, and all discovery and Rule 26 proceedings are **HEREBY STAYED** until the Court has fully ruled on the Amended Motion to Dismiss (ECF No. 14.)

It is **SO ORDERED**.[2]

Dated: May 2, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).